1  Dustin A. Huffine (SBN 300388)
2  Michael A. Bowse (SBN 189659)
   BOWSE DAVIS HUFFINE CHUNG & HULL LLP
3  One World Trade Center, 8th Floor
4  Long Beach, CA 90831
   Phone: (562) 676-4315
5  Email:  dhuffine@bdhch.com
6          mbowse@bdhch.com

7  Attorneys for Plaintiff Noble Ape Textiles, Ltd.

8

9                  UNITED STATES DISTRICT COURT

10                 CENTRAL DISTRICT OF CALIFORNIA

11

12

13  NOBLE APE TEXTILES, LTD.,          Case No.   2:25-cv-12135

14              Plaintiff,

15      v.                             COMPLAINT FOR
16                                     1) BREACH OF CONTRACTS
    ROLL ROCK GROUP (US) LTD. a        2) BREACH OF IMPLIED
17  California corporation; HUNTCITY,     COVENANT OF GOOD FAITH
    INC., a California corporation;      AND FAIR DEALING
18  ANANKE LA LLC, a California limited 3) OPEN BOOK ACCOUNT
19  liability company; YUWEI CHEN a/k/a 4) ACCOUNT STATED
    DAVID CHEN, an individual; YAN     5) GOODS AND SERVICES
20  ZHANG, an individual; ZHENGBO        RENDERED
21  CHEN, an individual; and DOES 1    6) UNJUST ENRICHMENT
    through 10, inclusive,
22

23              Defendants.

24

25

26

27

28

**COMPLAINT**
**1**

Plaintiff Noble Ape Textiles, Ltd., by and through their undersigned counsel, allege the following on information and belief, except where otherwise stated. Any allegations in this complaint that are contrary to or inconsistent with one another are made in the alternative.

## THE PARTIES

1.      Plaintiff Noble Ape Textiles, Ltd. ("Plaintiff" or "Noble Ape") is a limited company organized and existing under the laws of Hong Kong with its principal place of business at 604F, 6/F, Lai Cheong Ind. Bldg., 479 Castle Peak Road, Kowloon, Hong Kong. Plaintiff is in the business of manufacturing and producing apparel goods.

2.      On information and belief, Defendant Roll Rock Group (U.S.) Ltd. ("Roll Rock") is and was at all times relevant to this action a California corporation with its principal place of business at 2301 E. 7th Street, A-114, Los Angeles, California 90023. On information and belief, Roll Rock is and was at all times relevant to this action in the business of importing, wholesaling and distributing apparel goods.

3.      On information and belief, Defendant HuntCity, Inc. ("HuntCity"), is a corporation organized and existing under the laws of the State of California with its principal place of business at 2301 E 7th Street, Suite A-350, Los Angeles, California 90023. On information and belief, Roll Rock is and was at all times relevant to this action in the business of importing, wholesaling and distributing apparel goods.

4.      On information and belief, Defendant Ananke LA LLC ("Ananke"), is a limited liability company organized and existing under the laws of the State of California with its principal place of business at 2301 E 7th Street, Suite A-114, Los Angeles, California 90023. On information and belief, Roll Rock is and was at all times relevant to this action in the business of importing, wholesaling and distributing apparel goods.

5.    On information and belief, Defendant Yuwei Chen a/k/a David Chen ("David") is an individual whose residential address is 885 Poppy Court, Montebello, California 90640.  Plaintiff alleges on information and belief that David was at all times relevant to this action (and still is) an owner, officer, director and/or manager of, and/or controls, each of the entity defendants named herein, and was personally responsible, individually or in concert with other defendants, for causing some or all of Plaintiff's damages alleged in this complaint.  Plaintiff further alleges on information and belief that David is the spouse of Defendant Yan Zhang and the father of Defendant Zhengbo Chen.  Plaintiff further alleges that David conducts business within the County of Los Angeles.

6.    On information and belief, Defendant Yan Zhang ("Yan") is an individual whose residential address is 885 Poppy Court, Montebello, California 90640.  Plaintiff alleges on information and belief that Yan was at all times relevant to this action (and still is) an owner, officer, director and/or manager of, and/or controls, each of the entity defendants named herein and was personally responsible, individually or in concert with other defendants, for causing some or all of Plaintiff's damages alleged in this complaint. Yan conducts business within the County of Los Angeles.

7.    On information and belief, Defendant Zhengbo Chen ("Zhengbo") is an individual whose residential address is 300 Florence Avenue, Monterey Park, California 91755.  Plaintiff alleges on information and belief that Zhengbo was at all times relevant to this action (and still is) an owner, officer, director and/or manager of, and/or controls, each of the entity defendants named herein, and was personally responsible, individually or in concert with other defendants, for causing some or all of Plaintiff's damages alleged in this complaint. Zhengbo conducts business within the County of Los Angeles.

8.    Plaintiff does not know the true names and capacities of defendants sued in this Complaint as Does 1 through Doe 10, inclusive, and therefore sues these

defendants by fictitious names under Section 474 of the California Code of Civil Procedure. Plaintiff will amend this Complaint to allege the true names and capacities of Doe 1 through Doe 10, inclusive, when ascertained. Plaintiff is informed and believes, and on that basis alleges, that each of the defendants named herein as Doe 1 through Doe 10, inclusive, is responsible in some manner for the occurrence, injury, and other damages alleged in this Complaint.

9.    Plaintiff is informed and believes, and thereon alleges, that at all times mentioned herein, each of the Defendants was the agent and/or employee of each of the remaining Defendants, and in doing the things hereinafter alleged, was acting both on their own behalf and within the course and scope of such agency and employment, and with the knowledge, ratification and/or approval of each of their respective principals.

10.    Plaintiff is informed and believes, and thereon alleges, that each of the above named defendants was the agent, servant, employee, principal, joint venturer, alter ego, co-conspirator, and/or partner of the other defendants, and at all relevant times was acting with permission, knowledge, and consent of the other defendants, and within the course and scope of the relationship with actual and apparent authority to do so, and that these defendants, and each of them, reasonably believed that they had the actual and apparent authority to so act, such that each defendant is liable for the acts or omissions of the other defendants.

11.    Plaintiff is informed and believes, and thereon alleges, that at all times mentioned herein, the individual Defendants sued herein:

A.    Dominated, controlled, and influenced, and do now dominate, control and influence, the corporate and/or entity Defendants sued herein, if any, and the other officers, as well as the business, property and other officers of said corporation and/or entity Defendants, if any;

B.     At all times since their incorporation, said corporate and/or entity Defendants have been, and now are, a mere shell and naked framework which said individual Defendants have used, and do now use, as conduits for the conduct of their personal business and/or property affairs, and/or as obligor for the assumption of obligations and/or liabilities incapable of performance by said corporate and/or entity Defendants, which are the obligations and liabilities of said individual Defendants;

C.     Said individual Defendants created said corporate and/or entity Defendants, which are being operated pursuant to a scheme, plan and design conceived by said individual Defendants whereby the income, revenue and profits of said corporate and/or entity Defendants are and/or have been converted by said individual Defendants;

D.     There is such a unity of interest and control between said corporate and/or entity Defendants on the one hand, and said individual Defendants on the other hand, such that the individuality and separateness of said corporate and/or entity Defendants and of said individual Defendants has ceased.  Adherence to the fiction of separate existence of said corporate and/or entity Defendants shall improperly sanction inequity and promote injustice; and

E.     Said individual Defendants held and do now hold substantial interest in said corporate and/or entity Defendants.

## JURISDICTION AND VENUE

12.     This Court has jurisdiction of this action under 28 U.S.C. § 1332(a)(2), in that there is complete diversity of citizenship between Plaintiff on the one hand (which is not a citizen of California and none of its owners or principals are citizens of California) and Defendants on the other hand (each of which are citizens of California), and that more than $75,000 is in controversy.

13.     Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) because all Defendants reside in this judicial district.

**GENERAL ALLEGATIONS**

14.     Plaintiff's initial dealings with Defendants began in or about May 2023 when Defendants, through HuntCity, issued their first purchase order to Plaintiff for the manufacturing of apparel goods.

15.     Upon information and belief, at the time that Defendants caused this purchase order to be issued (which was issued on a purchase order template identifying HuntCity as the purchaser), HuntCity was purportedly operating with bad credit.  As a result of HuntCity's purported bad credit, Defendants informed Plaintiff that future orders would be issued under Roll Rock.

16.     Between September 2024 and February 2025, Defendants issued purchase orders to Plaintiff through Roll Rock for goods totaling $936,523.80.  All of the purchase orders issued through Roll Rock were identical in form to the HuntCity purchase order.  Attached hereto as **Exhibit A** is a true and correct copy of each of the purchase orders issued by Defendants.

17.     For each of the purchase orders issued between September 2024 and February 2025, Plaintiff performed its obligations by manufacturing and delivering to the Defendants the goods specified in each of the purchase orders.

18.     Between November 2024 and February 2025, Defendants took possession of the goods from Plaintiff.  After crediting Defendants' account for a single payment of $20,200.00 received by Plaintiff on July 22, 2025, a principal balance of $916,323.80 is still due and owing by Defendants and Does 1 through 10, inclusive, and each of them, to Plaintiff for said goods.   Attached hereto as **Exhibit B** is a true and correct copy of all of the outstanding invoices owed by Defendant.  Attached hereto as **Exhibit C** is a true and correct copy of an open balance report evidencing the unpaid principal balance of $916,323.80 due and owing by Defendants to Plaintiff.

19.     Pursuant to the terms of the agreements of the parties, Defendants were required to pay the above-mentioned sum of $916,323.80 to Plaintiff.

20.    Plaintiff has performed all of the terms and conditions on its part to be performed under the above-mentioned agreements, except for such terms and conditions as have been excused by the conduct and breaches of Defendants, if any.

21.    Defendants breached the above-reference agreements by failing to pay the sum of $916,323.80 despite Plaintiff's demands therefor.

22.    On or about December 2, 2025 and after repeated demands by Plaintiff, David emailed Plaintiff about the outstanding payments and stated: "I can tell you that we will be responsible."

23.    To date, the outstanding balance owing by Defendants to Plaintiff is $916,323.80, and Plaintiff now seeks to recover this amount in damages.

24.    As a result of Defendants' contractual breaches alleged above, Plaintiff has been damaged in an amount to be proven at trial but not less than $916,323.80.

## FIRST CAUSE OF ACTION

### (Breach of Written Contracts – Against All Defendants)

25.    Plaintiffs reallege and incorporate by reference the allegations contained in preceding paragraphs of this complaint, as though fully set forth herein.

26.    Valid and enforceable contracts, the terms of which are alleged above, existed between, on the one hand, Plaintiff, and, on the other hand, Defendants and Does 1 through 10, inclusive.

27.    Plaintiff fully performed all of its respective material obligations under the parties' contracts, except insofar as its performance has been excused by reason of the acts and conduct of Defendants.

28.    Defendants failed to perform their obligations under the parties' agreements, as alleged above.

29.    As a direct and proximate result of Defendants' breach, Plaintiff has been damaged in a sum no less than $916,323.80, which is the principal amount that is now

due, owing and unpaid from Defendants.  No part of said sum has been paid by Defendants, although demand therefore has been made.

## SECOND CAUSE OF ACTION

### (Breach of Implied Covenant of Good Faith and Fair Dealing – Against All Defendants)

30.    Plaintiff realleges and incorporates by reference the allegations contained in preceding paragraphs of this complaint, as though fully set forth herein.

31.    Plaintiff entered into written agreements with Defendants whereby Defendants agreed to certain terms and conditions, including but not limited to, paying Plaintiff for manufactured apparel goods.

32.    In addition to their express provisions, the written agreements imposed on each of the parties a duty of good faith and fair dealing with respect to their performance and conduct in connection with the contract.  That duty includes an obligation not to deprive the other party of the benefits of the contracts.  It also includes requires each contracting party to do everything that the contract presupposes it will do to accomplish the purposes of the contract.

33.    In entering into the agreements with described above, Defendants knew or had reason to know that they were required to pay Plaintiff for the goods.

34.    By failing to pay Plaintiff, Defendant deprived Plaintiff of the benefits of the agreements, failed to do what the agreements presupposed Defendants would do to accomplish the purposes of the parties' contracts and frustrated the intended purpose of the agreement.

35.    Plaintiff performed all, or substantially all of the things that the agreements required it to do, except to the extent that their performance was waived, excused or prevented by Defendants' conduct or statements.

36.     As a direct and substantial result of the wrongful acts of Defendants, Plaintiff has suffered damages in an amount to be proved at trial but in no event less than $916,323.80.

## THIRD CAUSE OF ACTION

### (Open Book Account – Against All Defendants)

37.     Plaintiff realleges and incorporates by reference the allegations contained in preceding paragraphs of this complaint, as though fully set forth herein.

38.     Within the past four years prior to the filing of this action, Defendants and Does 1 through 10 became indebted to Plaintiff on an open book account for the financial transactions described herein above and upon which there is a balance due and owing in the sum of $916,323.80, excluding pre-judgment interest.

39.     Plaintiff, in the regular course of business, kept written and electronic account of the debits and credits involved in the transactions.

40.     No part of said sum has been paid, although demand therefore has been made by Plaintiff to Defendants; as such, there is now due, owing and unpaid the sum of $916,323.80 on the account from Defendants.

41.     The sum sued upon herein was incurred on or after January 1, 1987 and is subject to the provisions of the California Civil Code Section 1717.5 and that Plaintiff is entitled to be awarded attorney's fees pursuant to said section.

## FOURTH CAUSE OF ACTION

### (Account Stated – Against All Defendants)

42.     Plaintiff realleges and incorporates by reference the allegations contained in preceding paragraphs of this complaint, as though fully set forth herein.

43.     Beginning in September 2024 which is within the last four years from date of this Complaint, Defendants became indebted to Plaintiff for goods and services rendered by Plaintiff totaling $916,323.80.

44.     By words and/or conduct, Defendants agreed that the amounts stated in the account was the correct amount owing to Plaintiff and promised to pay the stated amount of $916,323.80 to Plaintiff.

45.     Since September 2024 to the present date, Plaintiff has made numerous demands for payment, none of which Defendants have complied with.  Defendants, despite demands by Plaintiff for payment, have failed and refused and continue to fail and refuse to pay the amounts owed under the account totaling $916,323.80.

## FIFTH CAUSE OF ACTION

### (Goods and Services Rendered – Against All Defendants)

46.     Plaintiff realleges and incorporates by reference the allegations contained in preceding paragraphs of this complaint, as though fully set forth herein.

47.     Within the past four years of filing this action, Plaintiff provided goods and services to and for Defendants at their special instance and request as described above. Defendants, and each of them, benefitted from Plaintiff's work, labor and services performed and rendered as requested.

48.     Defendants, and each of them, became indebted to Plaintiff for and on account of the reasonable and agreed upon charges incurred and arising from the services rendered by Plaintiff to and for Defendants.  Said goods and services were rendered and performed at the special instance and request of Defendants, or for Defendants' benefit, and Defendants promised to pay Plaintiff the reasonable value of such goods and services rendered but did not do so.

49.     As a direct and proximate result of the goods and services performed by Plaintiff and from which Defendants benefitted, Plaintiff is entitled to be paid the reasonable value of the goods and services rendered in the principal amount of $916,323.80.

## SIXTH CAUSE OF ACTION

### (Unjust Enrichment– Against All Defendants)

50.    Plaintiff realleges and incorporates by reference the allegations contained in preceding paragraphs of this complaint, as though fully set forth herein

51.    Defendants, and each of them, benefitted from Plaintiff's services by receiving and accepting delivery of the goods from Plaintiff, and by requesting, approving, or accepting Plaintiff's goods and services on behalf of and for the benefit of Defendants, but Defendants did not pay for said goods and/or services.  Defendants therefore misappropriated the goods from Plaintiff, and Defendants were unjustly enriched by doing so by receiving the benefits of Plaintiff's work valued at $916,323.80.

52.    Defendants, and each of them, had expressly or impliedly agreed that they would pay for the goods that Plaintiff manufactured for, and shipped to, Defendants.

53.    Plaintiff is entitled to restitution for the fair value of the goods and services rendered and costs incurred by Plaintiff in a sum not less than $916,323.80, which Plaintiff seeks to prove at trial.

*************

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them jointly and severally, as follows:

1.    For compensatory damages in the amount of $916,323.80.

2.    For consequential damages in an amount to be proven at trial;

3.    For pre- and post-judgment interest to the extent permitted by law;

4.    For attorney's fees; and

5.    For such further relief the Court deems just or proper.

Respectfully submitted,

BOWSE DAVIS HUFFINE CHUNG & HULL LLP

Dated:  December 23, 2025

_____

Dustin A. Huffine
Michael A. Bowse

Attorneys for Plaintiff Noble Ape Textiles, Ltd.